DECISION AND JUDGMENT ENTRY
This case is on appeal pursuant to Crim.R. 12(J) from the March 30, 2000 judgment of the Huron County Court of Common Pleas which granted the motion to suppress filed by appellee, Shawn L. McCoy. On appeal, appellant, the state of Ohio, asserts a single assignment of error:
 "IT WAS ERROR FOR THE TRIAL COURT TO FIND THAT THE POLICE VIOLATED APPELLEE'S RIGHT TO COUNSEL BY RESPONDING TO APPELLEE'S REQUESTS AFTER HE REINITIATED CONVERSATION WITH THE POLICE AND THE TRIAL COURT'S FINDING WAS ON [sic] ERROR AS A MATTER OF LAW."
A Huron County sheriff's detective began questioning appellee in an alley in Willard, Ohio, along with his cousin who was with him. Appellee was advised of his Miranda rights at that time and agreed to talk to the detective. Appellee was then transported to the police department for further questioning. There, appellee was again told of his Miranda rights and agreed to talk. The detective began questioning appellee who denied involvement in a break-in and theft. When told that his cousin had implicated him, appellee requested to see his cousin's videotaped statements. The detective refused to show it for fear of tainting appellee's statements. Appellee then stated that he wanted an attorney and the detective ended the interview.
The detective continued questioning appellee for purposes of arresting him and then left the room. While the detective was in the hallway, appellee stated that he did not believe the detective's statements that his cousin ratted on him. Appellee asked to see his cousin's videotaped statement. In order to prove that he was not lying to appellee, the detective showed appellee the video. After hearing his cousin's statement, appellee broke down crying and confessed that the only reason he broke into the home was to get Christmas money for his kids.
Appellee challenged in his motion to suppress that the detective should not have shown him the video after appellee had invoked his right to counsel. Appellee believes that the detective did so only in order to trick appellee into talking to the detective again. Appellant argues that appellee's confession was voluntary because he was the one who resumed a conversation with the detective.
The trial court held that the detective should not have shown appellee the video without first establishing that appellee was waiving his right to counsel. The court reasoned that appellee did not make an unsolicited statement. Rather, the detective actively sought appellee's statement by showing him the video.
On appeal, appellant argues that there was absolutely no coercive activity by the police after appellee invoked his right to counsel. Rather, appellee voluntarily engaged the detective in further conversation by requesting to see the tape. Appellant also argues that showing the videotape to appellee did not constitute custodial interrogation.
The review of a ruling on a motion to suppress presents a mixed question of law and fact. The court of appeals must accept the trial court's findings of fact if supported by clear and competent evidence. However, the court of appeals must independently review the facts and law to determine if the evidence should be suppressed. State v. Petrey
(Sept. 29, 2000), Lucas App. No. L-99-1195, unreported.
The Fifth Amendment to the United States Constitution (made applicable to the states by the Fourteenth Amendment) protects a person who has been taken into custody by the police from being interrogated without the presence of counsel if he has clearly expressed a desire to deal with the police only through counsel. Davis v. United States (1994), 512 U.S. 452
and Smith v. Illinois (1984), 469 U.S. 91, 94-95. However, further interrogation can occur if the accused reopens dialogue with the police and it is clear under the totality of the circumstances that he voluntarily, knowingly, and intelligently waived the earlier request for counsel. Id. at 97 and Edwards v. Arizona (1981), 451 U.S. 477, 486 at fn. 9. Accord, State v. Raglin (1998), 83 Ohio St.3d 253, 263, certiorari denied (1999), 525 U.S. 1180. In the Raglin case, the Ohio Supreme Court held that before the police resume interrogation a suspect who previously invoked his right to counsel and then voluntarily initiated further discussion, the police must specifically inquire as to whether the suspect wishes to waive his right to counsel and ensure that the waiver is made voluntarily, knowingly, and intelligently.
In this case, we agree with the trial court that appellee's confession must be suppressed. Even though appellee voluntarily resumed talking to the detectives, the law is clear that they should have remained neutral and not resumed interrogation until they first determined whether appellee was voluntarily, knowingly, and intelligently waiving his right to counsel. Appellant contends that showing appellee the video was not done for the purpose of "interrogation." However, we find that the detective should have reasonably foreseen that this action could lead to a confession. Therefore, we find appellant's sole assignment of error not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Huron County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _________________________ Peter M. Handwork, J.
James R. Sherck, J., Richard W. Knepper, P.J., CONCUR.